| | |
|---|---|
| Dustin Lee Colvin, | ) |
| | ) Case No. 5:21-cv-06059 |
| and | ) |
| | ) |
| Molly Lynn Colvin, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| Wells Fargo Bank, N.A., | ) |
| | ) |
| Serve President & CEO Charles W. Scharf at: | ) |
| Wells Fargo Bank, N.A. | ) |
| 101 N. Phillips Ave. | ) |
| Sioux Falls, SD 57104 | ) |
| | ) |
| and | ) |
| | ) |
| Equifax Information Services, LLC, | ) |
| | ) |
| Serve Registered Agent at: | ) |
| CSC – Lawyers Incorporating Service Co. | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| and | ) |
| | ) |
| TransUnion LLC, | ) |
| | ) |
| Serve Registered Agent at: | ) |
| The Prentice-Hall Corporation | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Dustin Lee Colvin and Molly Lynn Colvin, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in their Complaint for Damages state and allege to the Court as follows:

1

# INTRODUCTION

This is an action for damages brought by individual consumers Dustin Lee Colvin and Molly Lynn Colvin against Equifax Information Services, LLC, and TransUnion LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

# JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that each defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

# PARTIES AND SERVICE

3. Dustin Lee Colvin and Molly Lynn Colvin, (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Missouri.

4. Defendant Wells Fargo Bank, N.A, (hereafter "**Defendant Wells**"), is a financial institution that regularly conducts business in Missouri and may be served through its President and CEO Charles W. Scharf at 101 N. Phillips Ave., Sioux Falls, SD 57104.

5. Defendant Equifax Information Services, LLC, (hereafter "**Defendant Equifax**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

6. Defendant TransUnion LLC, (hereafter "**Defendant TU**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, The Prentice-Hall Corporation, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On October 3, 2018, Plaintiffs filed a Chapter 13 bankruptcy in the Western District of Missouri as Case No. 18-50411-btf7.

8. The Amended Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on October 4, 2018 showing Defendant Wells, was sent notice of Plaintiffs' bankruptcy.

9. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

10. Plaintiffs converted to a Chapter 7 Bankruptcy on November 5, 2019.

11. Court Text Order Converting Case is attached as Exhibit B.

12. Plaintiffs had a mortgage loan with Wells on their residence that was reaffirmed on April 8, 2020.

13. Reaffirmation Agreement is attached as Exhibit C.

14. Plaintiffs received their discharge on September 10, 2020.

15. The Notice of Discharge of Debtor was entered on August 19, 2020, showing Wells was sent notice of Plaintiffs' discharge.

16. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit D.

17. On October 6, 2020, Plaintiffs requested and reviewed their credit reports from Defendant Equifax, Experian, and Defendant TU.

18. Plaintiffs became aware that Defendant Wells was misreporting the mortgage loan on their Equifax and TransUnion credit reports; Defendant Wells was not reporting the mortgage on Plaintiffs' Experian credit reports.

19. Defendant Wells was incorrectly reporting that the mortgage debt was discharged through Plaintiffs' Chapter 7 bankruptcy, rather than showing it as open, reaffirmed account with the current, updated balance, status, and payment history.

20. The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit E.

21. On October 8, 2020 Plaintiffs sent letters to Defendant Equifax and Defendant TU by certified mail through BK Attorney Services disputing the incorrect reporting in accordance with 15 U.S.C. §1681i.

22. Plaintiffs' dispute letters are attached as Exhibit F.

23. The BK Attorney Services Certificates of Service are attached as Exhibit G.

24. Plaintiffs misplaced any reinvestigation results they may have received, so on February 16, 2021 Plaintiffs sent second letters to Defendant Equifax and Defendant TU by certified mail through BK Attorney Services disputing the incorrect reporting in accordance with 15 U.S.C. §1681i.

25. Plaintiffs' dispute letters are attached as Exhibit H.

26. The BK Attorney Services Certificates of Service are attached as Exhibit I.

27. Defendant TU failed to send Automated Consumer Dispute Verifications (hereafter "ACDV's") to Defendant Wells.

28. For Plaintiff Dustin Colvin, the mortgage was still reporting as discharged in bankruptcy.

29. The pertinent page of Plaintiff Dustin Colvin's TransUnion reinvestigation results is attached as Exhibit J.

30. For Plaintiff Molly Colvin, the mortgage was incorrectly updated to show 120 Days Past Due with a Past Due Amount of $25,855.

31. The pertinent page of Plaintiff Molly Colvin's TransUnion reinvestigation results is attached as Exhibit K.

32. For Plaintiff Dustin Colvin, Defendant Equifax sent an ACDV to Defendant Wells, and Defendant Wells verified the incorrect discharged in bankruptcy.

33. The pertinent pages of Plaintiff Dustin Colvin's Equifax reinvestigation results are attached as Exhibit L.

34. For Plaintiff Molly Colvin, Defendant Equifax failed to send an ACDV to Defendant Wells, and incorrectly updated to show 120 Days Past Due with a Past Due Amount of $25,855.

35. The pertinent pages of Plaintiff Dustin Colvin's Equifax reinvestigation results are attached as Exhibit M.

36. Defendant Wells' failure to conduct reasonable investigations of Plaintiffs' account was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

37. Defendant Equifax and Defendant TU's failure to conduct reasonable reinvestigations of Plaintiffs' account and notify Defendant Wells was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating

costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

38. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment histories, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

## COUNT I
## WELLS FARGO BANK, N.A.
## VIOLATIONS OF THE FCRA

39. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

40. Plaintiffs are both a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

41. Defendant Wells qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

42. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

43. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

44. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

45. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

46. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from several factors.

47. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

48. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

49. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

50. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

51. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

52. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

53. After receiving notice of Plaintiffs' dispute letters, Defendant Wells should have investigated and properly updated the information reported on Plaintiffs' account but failed to do so.

54. As a result of the actions of Defendant Wells, Plaintiffs suffered damages including reduced credit scores, emotional distress, and frustration.

55. The plain language of the FCRA's damages provisions permits Plaintiffs to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

56. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

57. Defendant Wells was notified of Plaintiffs' disputes requesting an investigation that it was reporting inaccurate information on Plaintiffs' credit reports.

58. Defendant Wells elected to ignore that information it received, failed to do a reasonable investigation, and refused to fully correct and update Plaintiffs' credit reports.

59. The purpose of the investigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself considering all available information.

60. Defendant Wells knew it was required by law to have investigation procedures and protocols in place to investigate Plaintiffs' account information and Defendant Wells' failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiffs'

account constitutes willful, conscious, and reckless disregard for Plaintiffs' rights, including those under the FCRA.

61. Defendant Wells' failure and refusal to conduct a reasonable investigation and correct the information Defendant Wells is furnishing to the credit reporting agencies concerning Plaintiffs' account constitutes a willful violation of the FCRA.

62. This failure and refusal are compounded by Defendant Wells' failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiffs and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant Wells in such sum as will deter Wells Fargo Bank, N.A. and others in the future from similar conduct, and for such other relief the Court deems just and reasonable.

## COUNT II
## EQUIFAX INFORMATION SERVICES, LLC
## VIOLATIONS OF THE FCRA

63. Plaintiffs repeat, reallege, and incorporate by reference each and every prior paragraph in this Complaint.

64. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a (f).

65. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

66. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to

Plaintiffs for engaging in the following conduct:

    a. Willfully and negligently failing to conduct proper and reasonable reinvestigations concerning the inaccurate information after receiving two notices of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

    b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to Defendant Wells in violation of 15 U.S.C. §1681i(a);

    c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding their disputes of the inaccurate information to Defendant Well, in violation of 15 U.S.C. §1681i(a);

    d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving two notices of the disputes from Plaintiffs; and

    f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information, and files, in violation of 15 U.S.C. §1681e(b).

67. Defendant Equifax's conduct was a direct and proximate cause in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

10

Case 5:21-cv-06059-BCW   Document 1   Filed 05/20/21   Page 10 of 13

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages in such sum as will deter Equifax Information Services, LLC, and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

### COUNT III
### TRANSUNION LLC
### VIOLATIONS OF THE FCRA

68. Plaintiffs repeat, reallege, and incorporate by reference each and every prior paragraph in this Complaint.

69. Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a (f).

70. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

71. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiffs for engaging in the following conduct:

    g. Willfully and negligently failing to conduct proper and reasonable reinvestigations concerning the inaccurate information after receiving two notices of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

    h. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to Defendant Wells in violation of 15 U.S.C. §1681i(a);

    i. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding their disputes of the inaccurate

information to Defendant Wells, in violation of 15 U.S.C. §1681i(a);

j. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

k. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving two notices of the disputes from Plaintiffs; and

l. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information, and files, in violation of 15 U.S.C. §1681e(b).

72. Defendant TU's conduct was a direct and proximate cause in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages in such sum as will deter TransUnion LLC, and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Dustin Lee Colvin and Molly Lynn Colvin respectfully request this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiffs' Equifax and TransUnion credit reports; and

f. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Herring
Chelsea S. Herring #51089
The Law Offices of Tracy L. Robinson, LC
600 E. 8th St., Suite A
Kansas City, MO 64106
Phone: (816) 778-7328 Direct
Fax: (816) 842-0315
chelseah@tlrlaw.com
Attorney for Plaintiffs